UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

EDWARD LEE HUMES, )
)
   Plaintiff, ) CIVIL ACTION No. 10-CV-78-HRW
)
V. )
) **MEMORANDUM OPINION AND**
COMMONWEALTH OF ) **ORDER**
KENTUCKY, *et al.*, )
)
   Defendants.

\*\* \*\* \*\* \*\* \*\*

Plaintiff Edward Lee Humes is currently confined in the Grayson County Detention Center located in Leitchfield, Kentucky.[1] He has filed a *pro se* civil rights action alleging that the defendants restricted his religious freedoms in violation of the Kentucky Constitution.[2] For the reasons below, the Court will dismiss Humes' state law claims without prejudice and dismiss any construed federal claims with prejudice.

### CLAIMS ASSERTED AND RELIEF REQUESTED

Humes identifies himself as a Muslim. He alleges that officials at the MCDC,

---

[1] When Humes filed this action on December 1, 2010, he was confined in the Hopkins County Detention Center located in Madisonville, Kentucky.

[2] The named defendants are: (1) the Commonwealth of Kentucky, Department of Corrections ("KDOC"); (2) the Marion County Detention Center ("MCDC"), located in Lebanon, Kentucky; (3) the Larue County Detention Center ("LCDC"), located in Hodgenville, Kentucky; and (4) the Pulaski County Detention Center ("PCDC"), located in Somerset, Kentucky.

the LCDC, and the PCDC would not allow him to attend Jumah prayer services on Fridays as prescribed by the Koran, the Muslim bible. Humes alleges that their decisions prevented him from practicing his Muslim religious beliefs in violation of Section 5 of the Kentucky Constitution.[3] He further claims that the KDOC refused to correct the jail officials' alleged actions after he filed grievances.

Humes demands $133,000,000.00 in compensatory damages from the KDOC; $3,000,000.00 in compensatory damages from the PCDC; and an apology from Governor Steven L. Beshear and La Donna Thompson, Commissioner of the KDOC, for alleged emotional abuse and disrespect of the Muslim faith. [D. E. 3, p. 8].

Because this is a civil action being pursued by a prisoner against government officers, the Court must screen the Complaint under 28 U.S.C. § 1915A. Additionally, the Court screens the Complaint under 28 U.S.C. § 1915(e) since the Court has granted Humes *in forma pauperis* status in a separate Order. Both of these

---

[3]

Ky. Const § 5, Right of religious freedom, provides as follows:

No preference shall ever be given by law to any religious sect, society or denomination; nor to any particular creed, mode of worship or system of ecclesiastical polity; nor shall any person be compelled to attend any place of worship, to contribute to the erection or maintenance of any such place, or to the salary or support of any minister of religion; nor shall any man be compelled to send his child to any school to which he may be conscientiously opposed; and the civil rights, privileges or capacities of no person shall be taken away, or in anywise diminished or enlarged, on account of his belief or disbelief of any religious tenet, dogma or teaching. No human authority shall, in any case whatever, control or interfere with the rights of conscience.

2

sections require a court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.* §§ 1915(e) & 1915A.[4]

## ALLEGATIONS OF THE COMPLAINT

Humes alleges that in May and June of 2010, MCDC officials refused to allow him to attend Friday Jumah prayer services, and that on May 28, 2010, he filed a grievance with the KDOC complaining about his inability to attend Friday religious services at the jail. Humes alleges that after he complained to the KDOC about the MCDC's decisions, the KDOC then transferred him to the LCDC.

It appears that soon after Humes was transferred to the LCDC, he was then transferred to the PCDC, whose officials would not allow him to use his prayer rug; informed him that they did not "do" Ramadan, which is a month-long Muslim observance period;[5] and forced him to eat cold food contrary to Ramadan practices. [D. E. 3, p. 3]. He also claims that "Captain Harris" was disrespectful to him. [*Id.*].

Humes submitted grievances to the KDOC. On June 18, 2010, Kirstie Willard,

---

[4]

*Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008). Moreover, at the screening phase, the allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

[5]

Presumably, Humes means that the PCDC made no institutional arrangements, such as special dietary accommodations, allowing prisoners to observe Ramadan.

3

KDOC Program Administrator of the Division of Local Facilities, explained that because Humes was a "SAP" participant,[6] he could not attend religious services with the MCDC general population inmates; that SAP participants attend separate religious services for classification and security reasons; and that separate religious services violated neither the Kentucky Jail Standards nor the United States Constitution. [D. E. 3-1, p.1]. On November 30, 2010, James Erwin, KDOC Deputy Commissioner of Adult Institutions, responded to a letter which Humes had written to Governor Steven L. Beshear. *See* Letter, [D. E. 6]. Erwin explained that the KDOC Division of Mental Health had previously addressed Humes' inquiries. [*Id.*].

## DISCUSSION
### 1. State Law Claims

Humes' claims arising under Section 5 of the Kentucky Constitution will be dismissed without prejudice because the Court lacks subject matter over them. Subject matter jurisdiction is necessary to exercise federal judicial power. Fed. R. Civ. P. 12(b)(1). Under Federal Rule of Civil Procedure 12(h)(3), a district court must determine whether it lacks subject matter jurisdiction over the claims. *See also*

---

[6]

The "SAP Program" is a state drug rehabilitation program administered through the Division of Mental Health. 501 KAR 3:130 § 7(2). On June 28, 2010, Jeannie Waldridge, Program Administrator of the KDOC's Division of Mental Health, Substance Abuse, referred to the "Therapeutic Community Program," but she explained that participants in that program are segregated from the General Population. D. E. 3-1, p.4.

*Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992) (holding that the court may *sua sponte* assert the lack of subject matter jurisdiction at any time).

For jurisdiction under 28 U.S.C. § 1331 to exist, the plaintiff must present a federal question. Title 28 U.S.C. § 1331 states:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

Whether a complaint presents a federal question and pleads a claim that arises under federal law is determined from what appears in the plaintiff's statement of his own claim. *Peyton v. Railway Express Agency*, 316 U.S. 350, 353 (1942); *Grable & Sons Metal v. Darue Engineering*, 377 F.3d 592, 594 (6th Cir. 2004).

In several passages of his Complaint, Humes specifically invoked Section 5 of the Kentucky Constitution as his sole basis of jurisdiction. *See* Complaint, [D. E. 3, pp. 3-4; Attachments, D. E. 3-1, p. 1; p. 3]. Humes did *not* allege that the defendants violated his rights protected under either the United States Constitution or a federal statute. He alleged *only* state-law claims, *i.e.*, violations of Section 5 of the Kentucky Constitution. Under the well-pleaded complaint doctrine, Humes is free to assert only state law claims, but he must do so in the proper forum, which in this case is a Kentucky state court. This Court lacks subject matter jurisdiction over claims alleging only state law violations. 28 U.S.C. § 1331.

Further, all of the defendants are Kentucky governmental entities, so diversity jurisdiction under 28 U.S.C. § 1332 is unavailable. Diversity jurisdiction requires that no party share citizenship with any opposing party. *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 267-68 (1806); *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994).

While *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Indeed, a *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50 (1984).

Failure to establish subject matter jurisdiction represents a failure to present an arguable basis in law, which is a basis for dismissal. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). District courts can dismiss cases *sua sponte* for lack of subject matter jurisdiction, *see Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Therefore, the Court will dismiss Humes' state law claims without prejudice to him asserting them in state court.

## 2. Construed Federal Claims

Even assuming that Humes had established federal jurisdiction under either the First Amendment of the United States Constitution or 42 U.S.C. § 1983,[7] any construed federal claims would still lack an arguable basis in law.

Humes has named three county jail facilities as defendants: the MCDC, the LCDC, and the PCDC. Because municipal departments, such as jails, are not "persons" subject to suit under § 1983, they are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991); *see also Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (Table) (holding that the Shelby County jail is not an entity subject to suit under § 1983); *Chism v. Christian County Jail*, No. 5:10-CV-88-R, 2010 WL 3947504 (W.D. Ky. October 7, 2010) (holding that the Christian County Jail is not a "person" that can be sued under § 1983); *Wilkey v. Adams*, 2008 WL 2743939, at *4 (W. D. Ky., July 11, 2008 ) (same, as to the McCracken County Jail).

Further assuming that Humes could be asserting federal First Amendment or § 1983 claims against the governing bodies of Marion, Larue or Pulaski counties, such construed claims would also lack merit. To establish municipal liability

---

[7] Title 42 U.S.C. 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory."

pursuant to §1983, a plaintiff must allege that the municipality officially adopts, implements, or executes a custom, policy statement, ordinance, regulation, or decision which results in a constitutional deprivation, even if the custom does not receive formal approval. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Supreme Court explained that a municipality cannot be held liable for damages under § 1983 based *respondeat superior* solely because it employs a tort-feasor. *Id.* at 691. A municipality can only be held responsible for a constitutional deprivation if a direct causal link exists between its policy or custom and the alleged constitutional deprivation. *Id.* at 690-91; *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Humes does not allege that county officials in Marion, Larue or Pualski Counties either implemented or executed policies or engaged in custom or pattern of conduct preventing him from practicing his religious rights. He alleges *only* that specific employees in some of the county jails he named impeded or prevented the practice of his religion. But Humes did not name any of those individuals as defendants, only the county jails. Thus, Humes does not allege a direct causal connection between a municipal policy or custom, as to any of the three counties, and the religious deprivations about which he complains. Consequently, any construed federal claims against the MCDC, the LCDC, and the PCDC or their governing

8

bodies will be dismissed with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915 (e)(2)(ii).

Next, any construed federal claims for damages against the Commonwealth of Kentucky and/or the KDOC fail to state a claim upon which relief can be granted. The Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from entertaining suits for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993).

The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250. Further, because the KDOC is a state agency, it is not a "person" amenable to a suit for damages under Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Wells v. Brown*, 891 F.3d 591, 592-93 (6th Cir. 1989); *Daleure v. Kentucky*, 119 F. Supp.2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."). Humes' demand for monetary damages from the Commonwealth of Kentucky or the KDOC will be dismissed for failure to state a claim upon which relief can be granted.

Humes specifically demands compensation for emotional distress, but he did

9

not allege that he suffered any physical injuries in connection with his claims. An inmate may not seek damages for emotional distress or mental suffering absent a showing of a physical injury. 42 U.S.C. § 1997e(e); *Carter v. Tucker*, 69 F. App'x 678, 679 (6th Cir. 2003); *Mitchell v. Horn*, 318 F.3d 523, 533 (3rd Cir. 2003).

Humes' final claim, that a PCDC official was disrespectful to him, lacks an arguable basis in law. Claims of verbal abuse or general harassment by prison officials, absent physical contact, do not amount either to cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution or to substantive due process violations prohibited by the Fifth Amendment of the United States Constitution. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 157 (2004); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). For these reasons, this action will be dismissed as set forth below.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1. Plaintiff Edward Lee Humes' state claims arising under Section 5 of the Kentucky Constitution against Defendants Commonwealth of Kentucky, Department of Corrections, the Marion County Detention Center, the Larue County Detention Center, and the Pulaski County Detention Center, are **DISMISSED WITHOUT PREJUDICE** to Humes asserting those claims in state court;

2. Humes' construed federal claims arising under the First, Fifth and Eighth Amendments of the United States Constitution against Defendants Commonwealth of Kentucky, Department of Corrections, the Marion County Detention Center, the Larue County Detention Center, and the Pulaski County Detention Center, are **DISMISSED WITH PREJUDICE**.

3. The Court will enter a separate Judgment.

This 7th day of January, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge